UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL J. RUSSELL, JR.,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION, Warden, et. al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 18cv2063-MMA (WVG)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

　　　　Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. (ECF Nos. 1-2.) Petitioner is currently confined at Mule Creek State Prison located in the Eastern District of California, and claims he was denied due process in connection to the confiscation of magazines while he was incarcerated at the California State Prison, Los Angeles County, which is located in the Central District of California, Western Division. (ECF No. 1 at 5, 12-21.) For the following reasons, the Petition is dismissed without prejudice to Petitioner to present his claim in a civil rights complaint in a District with proper venue, and the in forma pauperis motion is denied as moot.

　　　　A state prisoner's claims either lie at "the core of habeas corpus" and are subject to the provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), or they "challenge[] any other aspect of prison life" and are subject to the provisions of the Prison

Litigation Reform Act ("PLRA") and "must be brought, if at all, under § 1983." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), citing Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), and Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011). A court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action "after notifying and obtaining informed consent from the prisoner." Id. at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.")

Petitioner claims that the confiscation of his magazines while he was housed at the California State Prison, Los Angeles County, violated federal due process because they did not contain "any type of nudity or issues that were not allowed because of content." (ECF No. 1 at 5.) This claim does not lie within the core of habeas corpus because success on the merits would not "necessarily" have an effect on the duration of his confinement, and therefore the claim "must be brought, if at all, under § 1983." Nettles, 830 F.3d at 927.

Although the Court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action, "after notifying and obtaining informed consent from the prisoner," the Court declines to so construe this action. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") There are no allegations against the two named Respondents in this action (the California Attorney General and the Warden of the correctional institution where Petitioner is currently confined, not where he was confined at the time of the alleged unconstitutional action), and it is unclear who Petitioner seeks to hold personally responsible for the alleged denial of his federal due process rights. See e.g. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and

2
18cv2063-MMA (WVG)

responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).

Further, venue for such a § 1983 action appears to lie in the Central District of California, Western Division, where Petitioner was incarcerated when the magazines were allegedly confiscated, and not in the Southern District of California, where none of the events alleged in the petition occurred and where Petitioner does not reside. A "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986).

The interests of justice do not counsel in favor of this Court construing this action as a § 1983 Complaint because venue over such an action does not lies in this District, and because it might expose Petitioner to the provisions of the PLRA, one of which provides that the entire $350 civil filing fee must be collected even if he qualifies to proceed in forma pauperis, and regardless of whether his action is ultimately dismissed. <u>Bruce v. Samuels</u>, 577 U.S. ___, 136 S. Ct. 627, 630 (2016). Accordingly, the Court declines to construe this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. <u>See</u> <u>Nettles</u>, 830 F.3d at 936.

This action is **DISMISSED** without leave to amend but without prejudice to Petitioner to seek relief in a civil rights complaint pursuant to 42 U.S.C. § 1983 where proper venue lies. The motion to proceed in forma pauperis is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: September 6, 2018

Hon. Michael M. Anello
United States District Judge

3

18cv2063-MMA (WVG)